```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


KATHLEEN CRESSON                          * CIVIL ACTION
                                          *
VERSUS                                    * NO. 09-6866
                                          *
STATE FARM FIRE AND CASUALTY COMPANY      * SECTION "B"(3)
```

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 5) and Defendant's opposition thereto (Rec. Doc. No. 13). After considering the motion, response, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No. 5) is **DENIED**.

### *BACKGROUND*

Plaintiff filed this lawsuit in Louisiana state court in response to Defendant's non-renewal of her property insurance policies in 2009. In her petition for damages, Plaintiff alleged that Defendant's non-renewal was unlawful (Compl. ¶¶ 5-7). Plaintiff further alleged that she had filed a Hurricane Gustav damage claim under the policy that was not renewed and that this claim is still pending; plaintiff seeks penalties for these alleged property losses under Louisiana state law (Compl. ¶¶ 8). Plaintiff also noted that she "thinks her damages do not exceed $75,000" but includes no binding stipulation indicating that she has

1

affirmatively renounced her right to recover in excess of this jurisdictional amount (*see* Compl. ¶ 9).  Defendant timely removed Plaintiff's state court action to this Court.

Plaintiff has now filed her motion to remand, arguing that the amount in controversy in this action is insufficient to meet federal jurisdictional requirements under 28 U.S.C. § 1332.  In her motion to remand, Plaintiff argues that the damages sought in her complaint do not exceed $75,000 and that the $737,552 coverage limit on the non-renewed policy at issue is irrelevant because it cannot dictate what "actual damages" will be.  (Pl.'s Mot. 3.) Plaintiff urges that, while Defendant may be able to remove at a later time "if plaintiff later establishes the amount in controversy meets requirements for diversity jurisdiction," removal at this time is improper.  *Id.*

Defendant contends that Plaintiff's failure and continued refusal to execute a binding stipulation affirmatively renouncing any entitlement to recovery exceeding $75,000 shows that the amount in controversy is sufficient to meet diversity jurisdiction requirements.  According to Defendant, the allegations in Plaintiff's petition for damages, the policy coverage limit exceeding $730,000, and Plaintiff's refusal to affirmatively and irrevocably renounce recovery in excess of the $75,000 jurisdictional amount all confirm that subject matter jurisdiction properly lies in federal court.

2

*DISCUSSION*

A plaintiff's statement to the effect that the amount in controversy does not exceed $75,000 does not necessarily defeat removal. To determine whether diversity jurisdiction exists for proper removal, the Court must consider the claims made in the state court petition as they existed at the time of removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Louisiana law prohibits a plaintiff from specifying a monetary demand in its petition for damages. *See* La. Code Civ. Proc. art. 893A.(1).[1] A party will receive any relief to which he is entitled, even if the party has not demanded it in his pleadings. La. Code Civ. Proc. art. 862.[2] Concern arises, however, when a

---

[1] Louisiana Code of Civil Procedure Article 893A.(1) provides:

*No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.* The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as

appropriate.

(emphasis added).

[2] Louisiana Code of Civil Procedure Article 863 provides in part that " . . . a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."

3

litigant could plead less than the jurisdictional amount required for federal jurisdiction in order to avoid removal but then subsequently prove and be awarded damages greater than the jurisdictional amount in state court. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009). As such, this Court must look to the "jurisdictional facts that support removal . . . at the time of the removal." *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

The removing party must establish such facts by a preponderance of the evidence to show that the amount in controversy exceeds $75,000. *Grant v. Chevron Phillips Chem. Co.* 309 F.3d 864, 868 (5th Cir. 2002) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409, 1412 (5th Cir. 1995)). If it is not "facially apparent" from the complaint that the claims exceed $75,000, then the Court "may rely on 'summary judgment-type' evidence to ascertain the amount in controversy. Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998) (footnotes omitted).

In *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.,*

988 F.2d 559 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998), the Fifth Circuit identified the circumstances in which a removing party fails to satisfy its burden of showing that removal is appropriate:

> (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the jurisdictional amount]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

988 F.2d at 566. Plaintiffs' sworn statements may not defeat removal by subsequently changing a damage request because post-removal events cannot deprive a court of jurisdiction once it has attached. *Id.* at 565 (*citing St. Paul Mercury*, 303 U.S. at 292). However, courts may unequivocally consider "affidavits [to] clarify a petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal." *Id.* (emphasis in original). On the other hand, courts may not consider affidavits if the plaintiff "seeks to reduce, rather than clarify, his demand after removal." *Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993).

In this case, it is facially apparent from Plaintiff's

5

petition for damages alone that her claim exceeds $75,000. Plaintiff is essentially alleging that Defendant breached the insurance contract by unlawfully dropping Plaintiff's homeowner's policy. (*See* Pl.'s Pet. ¶ 7.) Plaintiff's petition also refers to a pending claim under this policy for Hurricane Gustav damage, in addition to various penalty provisions in the Louisiana code. *Id.* ¶ 8. Although Plaintiff states that she "thinks her damages do not exceed $75,000," *id.* ¶ 9, the petition for damages clearly reflects otherwise. Furthermore, Plaintiff's mere statement of opinion that her damages do not exceed $75,000 is insufficient to deprive this Court of jurisdiction. *See Davis v. State Farm Fire & Cas.*, No. 06-0560, 2006 WL 1581272, at *2 (E.D. La. June 7, 2006) (requiring a binding stipulation that affirmatively renounces Plaintiff's right to recover in excess of the jurisdictional amount, in order for Plaintiff to defeat removal). The policy referred to in Plaintiff's petition for damages has approximately $730,000 available in claim limits;[3] as such, Defendant has succeeded in showing by a preponderance of the evidence that the jurisdictional amount has been met. *See Callia v. State Farm Fire & Cas. Co.*, No. 06-5856, 2006 WL 3469549, at *1-2 (E.D. La. Nov. 29, 2006). Accordingly,

---

[3] It should be noted that documents referred to in a plaintiff's complaint and which are integral to the plaintiff's claim are considered as part of the pleadings. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No. 5) is **DENIED**.

New Orleans, Louisiana, this 21st day of April, 2010.

                                        _____
                                                IVAN L.R. LEMELLE
                                        UNITED STATES DISTRICT JUDGE